IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIAM H. CLARK III,

            Plaintiff,

v.

STATE OF WISCONSIN, ST. CROIX COUNTY
JAIL, HUDSON POLICE DEPARTMENT,
HUDSON HOSPITAL, WISCONSIN PUBLIC
DEFENDER, and WISCONSIN PROBATION &
PAROLE DIVISION,

            Defendants.

OPINION and ORDER

22-cv-230-wmc[1]

---

Pro se plaintiff William Clark contends that his constitutional rights were violated when his blood was drawn following a November 2017 traffic stop. I will dismiss Clark's amended complaint, Dkt. 37, without prejudice because he has not identified a defendant who may be sued for his proposed claims. I will give Clark the chance to file a second amended complaint that corrects that problem.

BACKGROUND

After Clark filed this lawsuit, he submitted several supplements to his complaint, so the court directed him to file one proposed amended complaint incorporating all claims and defendants in one pleading. Dkt. 32. Clark missed the deadline to file an amended

---

[1] I am exercising jurisdiction over this case for the purposes of this screening order only.

complaint, so the court dismissed this case with prejudice. However, the day judgment was entered, Clark submitted a proposed amended complaint. Dkt. 37.

In the amended complaint, Clark alleges that law enforcement officers pulled him over because of a broken light. Clark refused to submit to a blood draw, and it appears that he was arrested and taken to Hudson Hospital. At the hospital, five officers assaulted Clark while restraining him for a blood draw. Clark suffered blows to the head, and the officers restrained him in a manner that cut off his breathing and circulation. Once the officers restrained him, four nurses attempted to draw his blood multiple times. Clark suffered nerve damage to his neck and head, and his physical injuries have required medical treatment and physical therapy.

ANALYSIS

I will vacate the judgment entered against Clark. But the complaint fails to identify an appropriate defendant.

Clark contends that the State of Wisconsin, the St. Croix County Jail, the Wisconsin Public Defenders Office, the Hudson Police Department, Hudson Hospital, and the Wisconsin Probation and Parole Division, conspired to violate his constitutional rights, invoking 42 U.S.C. §§ 1983 and 1985(3). But none of these proposed defendants is a "person" subject to suit under the law.

The hospital and jail are buildings, not persons, so these defendants do not have the legal capacity to be sued under § 1983 or § 1985(3). *See Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2023) ("A prison or department in a prison cannot be sued because

2

it cannot accept service of the complaint."). The State of Wisconsin, the Wisconsin Public Defender, and the Wisconsin Probation and Parole Division are also not subject to suit because "states and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983." *See Johnson v. Supreme Court of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999). And the Hudson Police Department is not a "legal entity separable from the county government." *Whiting v. Marathon Cnty. Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004); *see also Best v. City of Portland*, 554 F.3d 698, 698 n.1 (7th Cir. 2009). I might consider allowing a pro se plaintiff to proceed against a city or county, which may be subject to suit if the plaintiff alleges that he was harmed by a city or county policy or custom or by an official with final policymaking authority. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). But Clark does not name St. Croix County or the City of Hudson as a defendant, and his claims arise from one instance in which officers used excessive force during a blood draw. He does not challenge a city or county policy or custom.

I will dismiss Clark's complaint without prejudice for failure to identify a defendant subject to suit. I will give Clark a deadline by which he can file a second amended complaint that identifies a proper defendant. If Clark does not know the identities of the individuals he wishes to sue, he may identify the proposed defendants as John or Jane Doe as long as he also alleges each Doe defendant's employer and explains his or her role in violating his rights. If Clark submits a proposed second amended complaint by the deadline set forth below, the court will screen it as required under 28 U.S.C. §§ 1915(e)(2) and 1915A. If Clark fails to respond by the deadline, I'll dismiss the case and enter judgment against him.

ORDER

IT IS ORDERED that:

1. The judgment entered on November 21, 2022, Dkt. 36, is VACATED.

2. Plaintiff William Clark has until February 13, 2023, to file a second amended complaint.

Entered January 23, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge